UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES M. WHORTON,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>JAMES PETERSON, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 21-cv-12011<br>Honorable Thomas L. Ludington<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION TO DISMISS AND FOR SUMMARY JUDGMENT (ECF NO. 20)**

## I.　Introduction

Plaintiff James M. Whorton, a prisoner under the Michigan Department of Corrections' (MDOC) jurisdiction, filed this pro se civil rights action under 42 U.S.C. § 1983 based on the conditions of his confinement at Woodland Center Correctional Facility (WCC).  ECF No. 1.  Whorton alleges that in May 2020, Defendant James Peterson used racial slurs and threatened Whorton with a misconduct ticket.  ECF No. 1, PageID.10.  In retaliation for Whorton's grievance about that dispute, Peterson allegedly issued a false misconduct ticket, while Defendant Brandon Bartkowiak allegedly conspired with Peterson to write a false witness statement.  *Id.*

Whorton was found guilty at a misconduct hearing held in July 2020. *Id.* at PageID.10-11. Whorton asserts that defendants' actions violated his First, Eighth, and Fourteenth Amendment rights. *Id.* at PageID.11.

The Honorable Thomas L. Ludington referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 17. Defendants move to dismiss for failure to state a claim and for summary judgment for failure to exhaust administrative remedies. ECF No. 20. Whorton did not respond, even after the Court granted him more time and ordered him to show cause why his claims should not be dismissed. ECF No. 22; ECF No. 25. When a plaintiff fails to respond or to otherwise oppose a defendant's motion, the Court may consider the plaintiff to have waived opposition to the motion. *Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008). Still, a defendant bears the burden of showing its motion has merit even if the plaintiff fails to respond. *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991).

For the reasons below, the Court **RECOMMENDS** that defendants' motion be **GRANTED** based on Whorton's failure to exhaust.

## II. Analysis

### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id.* at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a

3

lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). The PLRA requires exhaustion of internal remedies for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To meet this requirement, an inmate must strictly comply with the grievance process provided by the prison. *Woodford*, 548 U.S. at 93-94. But an inmate need only exhaust remedies that are actually "available"; if an administrative remedy "is not capable of use to obtain relief," then § 1997e will not act as a barrier to suit. *Ross v. Blake*, 578 U.S. 632, 643 (2016).

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). "But a prisoner countering a motion alleging failure to exhaust must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Parks v. Mich. Dep't of Corr.*, No. 2:20-cv-11673, 2021 WL 3533422, at *3 (E.D. Mich. May 17, 2021), *adopted*, 2021 WL 2820984 (E.D. Mich. July 7, 2021) (cleaned up). Summary judgment based on failure to exhaust

4

administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

**B.**

MDOC Policy Directive 03.02.130 has a three-step procedure that prisoners must follow to complete the administrative review process and properly exhaust grievances. ECF No. 20-2. The policy requires a prisoner to try to informally resolve the problem with the allegedly offending staff within two days of learning about the grievable issue, and then, within five days of those informal efforts, file with the grievance coordinator a Step I grievance about any unresolved issues. *Id.* at PageID.186-187, ¶¶ Q, W. The prisoner may then file a Step II grievance appeal within ten business days of receiving the Step I response or, if no response was received, within ten business days after the date the response was due. *Id.* at PageID.188, ¶ DD. The same schedule applies to a Step III appeal—it is due within ten business days of receiving the Step II response or, if no response was received, within ten business days after the date the response was due. *Id.* at PageID.189, ¶ HH. Prisoners must appeal their grievances through Step III and wait until receipt of a Step III response, or until the response is past due, before suing.

Defendants submit a Step III grievance report showing that, within six months of the May 2020 dispute with Peterson, Whorton pursued through Step III four grievances about the conditions of his confinement at WCC. ECF No. 20-3.[1]  None of these grievances exhausts Whorton's claims.

Three grievances are irrelevant to the allegations at issue.  WCC-20-11-0763-28i concerns a medical provider stopping Whorton's nutrition drink; WCC-20-10-0692-28e concerns the warden's refusal to sign a mental health treatment plan; and WCC-20-10-0683-14a concerns a librarian who failed to provide Whorton with legal writing assistance.  *See* ECF No. 20-3, PageID.219, 229, 234.  A plaintiff fails to exhaust remedies when grievances do not involve the same issues raised in the complaint. *Ford v. Martin*, 49 F. App'x 584, 585 (6th Cir. 2002).

In WCC-20-06-0438-17e, Whorton alleged that Peterson called him a racial slur and threatened him with a misconduct ticket.  ECF No. 20-3, PageID.224.  The grievance was denied at Step I, and the deadline to submit a Step II appeal was July 9, 2020. *Id.* at PageID.222,225.  Whorton's November 1, 2020 appeal was denied as untimely at Step II. *Id.* at PageID.222-223.  As noted, exhaustion requires "proper exhaustion,"

---

[1] Given the deadlines for filing grievances, any grievance about the events at issue would have been filed within this timeframe.

6

meaning "compliance with an agency's deadlines and other critical procedural rules[.]" *Woodford*, 548 U.S. at 90. A prisoner has not exhausted his administrative remedies when his grievance is rejected for failure to comply with procedural rules. *McCloy v. Corr. Med. Servs.*, 794 F. Supp. 2d 743, 750 (E.D. Mich. 2011).

## C.

Exhaustion of Whorton's retaliatory misconduct claim cannot be shown through the grievance process. MDOC's policy directive states that decisions about misconduct are non-grievable and must be challenged through a hearing. *See* ECF No. 20-2, PageID.184-185, ¶ J. Thus, the "only avenue" for exhausting a retaliation claim stemming from a misconduct ticket is by raising it at the misconduct hearing. *Smith v. Pallas*, No. 18-1933, 2019 WL 7946345, at *3 (6th Cir. Nov. 7, 2019); *Siggers v. Campbell*, 652 F.3d 681, 694 (6th Cir. 2011). And "[i]f the prisoner does not successfully resolve the dispute at the misconduct hearing, he must 'file a motion or application for rehearing in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order.'" *Smith*, 2019 WL 7946345, at *3 (quoting Mich. Comp. Laws § 791.255(1)); *see also Chrzan v. Mackay*, No. 1:19-cv-116, 2020 WL 1067291, at *3 (W.D. Mich. Feb. 3, 2020).

The misconduct hearing report shows that Whorton claimed that Peterson "set him up" on a "fake threatening behavior" misconduct and that he lied in response to Whorton's grievance against him. ECF No. 1, PageID.25. But while Whorton claimed that Peterson lied about the misconduct ticket, he did not claim that it was retaliatory. *Id.* Nor did Whorton claim that Bartkowiak retaliated against him. *Id.* at PageID.23-25. Since Whorton did not respond to defendants' motion, he fails to show a factual dispute about whether he raised retaliation during his misconduct hearing. Thus, Whorton failed to exhaust his retaliation claim. *Dykes v. Fuller*, No. 18-11528, 2019 WL 6170868, at *4 (E.D. Mich. Aug. 7, 2019), *adopted*, 2019 WL 4744433 (E.D. Mich. Sept. 30, 2019).

### III.  Conclusion

The Court the Court **RECOMMENDS** that defendants' motion be **GRANTED** (ECF No. 20), and that Whorton's complaint be **DISMISSED WITHOUT PREJUDICE**.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: October 26, 2022

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 26, 2022.

                                                  s/Marlena Williams
                                                  MARLENA WILLIAMS
                                                  Case Manager